UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VALLEY VIEW RENTALS, LLC

CIVIL ACTION

VERSUS

NO. 11-688-JJB

COLONIAL PIPELINE COMPANY

**<u>RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

This matter is before the Court on a motion for partial summary judgment by Plaintiff Valley View Rentals, LLC ("Valley View"). (Doc. 67). Defendant Colonial Pipeline Company ("Colonial") has filed an opposition (Doc. 74), to which Valley View has filed a reply. (Doc. 75). Colonial has filed a sur-reply. (Doc. 84). Oral argument is not necessary. For the reasons herein, the Court DENIES Valley View's Motion for Summary Judgment. (Doc. 67).

I.

The following facts are established in the record. Valley View owns a tract of land in East Feliciana Parish, Louisiana, which is adjacent to Felixville station, a pipeline compressor station that is owned and operated by Colonial. In April 2011, Colonial directed Fugro to undertake a geotechnical investigation for an unrelated matter but Fugro ceased drilling activities once the crew detected hydrocarbon odors. Colonial contracted with Michael Pisani & Associates, Inc. ("MP&A") to conduct soil boring and sampling activities. On April 28-29, 2011, MP&A conducted soil and groundwater sampling. The soil samples were analyzed for benzene, toluene, ethylbenzene and total xylenes ("BTEX"), methyl tertiary butyl ether ("MTBE"), and total petroleum hydrocarbons as gasoline ("TPH-G"). The results indicated that the presence of these substances exceeded the Louisiana Department of Environmental Quality ("LDEQ") Risk Evaluation and Corrective Action Program ("RECAP") Limiting Screening

1

Standards. The groundwater sample was analyzed for the presence of BTEX, MTBE, and TPH-G, and the results indicated that presence of these substances also exceeded the RECAP Limited Screening Standards.

On May 10, 2011, Colonial notified both the Louisiana State Police and LDEQ about the hydrocarbon detections. On May 13, 2011, Colonial representatives, LDEQ representative William Schramm ("Schramm"), and MP&A personnel met to discuss the results of the sampling. After the meeting, Colonial conducted further site assessment and "contaminant delineation activities." (Doc. 74 at 2). *See* Soil Assessment Report (May 27, 2011) (Df. Ex. 1); Soil and Groundwater Assessment Work Plan (October 11, 2011) (Df. Ex. 2); Interim Groundwater Assessment Report (February 17, 2012) (Df. Ex. 7); Expanded Work Scope – Additional Soil and Groundwater Assessment Work Plan (May 24, 2012) (Df. Ex. 4); Expanded Work Scope II – Additional Soil and Groundwater Assessment Work Plan (September 19, 2012) (Df. Ex. 5); and Interim Groundwater Assessment Report (April 2013) (Df. Ex. 6a-d).

On June 14, 2011, LDEQ notified Valley View that "environmental contamination ha[d] been detected in the vicinity of [its] property" and that while the "source of the contamination ha[d] not been identified," the owner of the site was Colonial. (Doc. 67, Ex. E, pt. 2). On September 9, 2011, Valley View brought an action against Colonial, alleging that Colonial was negligent and strictly liable for any damage to Valley View's property. Valley View has now filed this motion for partial summary judgment, seeking to hold Colonial liable under La. C.C. article 2315 for damage to Valley View's immovable property and under La. R.S. 30:2015.1 for the "evaluation and remediation of any contamination of pollution that has impacted or threatens usable ground water beneath immovable property owned by Valley View." (Doc. 67 at 15).

II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The movant, or party seeking summary judgment, bears the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). While Valley View and Colonial both submit voluminous documents and briefings, the crux of Valley View's central argument with respect to its negligence claim appears to be that (1) a release or releases of petroleum products[1] to the soil and ground water occurred at Colonial's Felixville Station; (2) the petroleum products have migrated to Valley View's soil and ground water; and (3) Colonial is responsible for the petroleum products that have affected and threatened Valley View's property. Colonial does not dispute that its operations resulted in the release or releases of petroleum products or that these products have migrated onto Valley View's property. However, Colonial asserts that Valley View has failed to meet its burden of proving that any contamination on its property was caused by any alleged negligent conduct by Colonial.

In Louisiana, courts employ a "duty-risk" analysis to determine whether to impose liability under La. C.C. art. 2315. *Wiltz v. Bayer CropScience, Ltd. Partnership*, 645 F.3d 690, 698 (5th Cir. 2011). To prevail, a plaintiff must prove the following elements:

> 1. the defendant had a duty to conform his conduct to a specific standard (the duty element);
> 2. the defendant failed to conform his conduct to the appropriate standard (the breach of duty element);
> 3. the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element);
> 4. the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and

---

[1] For simplicity and ease of reference, the Court will refer to the multiple chemicals that were detected and analyzed as "petroleum products." This is intended to cover the scope of all of the chemicals that were released and have migrated onto Valley View's property.

      5. actual damages (the damage element).

*Id.* (citations omitted).

As a matter of law, the Court finds that Colonial owes a duty of care to Valley View. "Under Louisiana law, the owner and operator of a facility, such as a pipeline, must exercise at least reasonable care for the safety of persons both on and around its property." *Brister v. Gulf Central Pipeline Co.*, 684 F. Supp. 1373, 1383 (W.D. La. 1988) (*citing Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239 (5th Cir. 1983)). Moreover, because Colonial deals with dangerous substances, namely gasoline products, Colonial is "held to an *extraordinary* degree of care." *Id.* (emphasis in original). *See also* 49 C.F.R. § 195.2 ("Hazardous liquid means petroleum, petroleum products, or anhydrous ammonia."). Thus, the Court finds that Colonial owes a duty of extraordinary care "to conduct its operations in a manner so that the public would be protected from any foreseeable injury." *Brister*, 684 F.Supp. at 1383.

However, with respect to the remaining elements, the Court finds that Valley View has failed to present sufficient evidence to warrant granting its motion for summary judgment. Because Valley View is the plaintiff and has the burden of proof at trial, Valley View cannot simply argue that its motion for summary judgment should be granted because Colonial has not presented evidence demonstrating a genuine issue of material fact. Rather, when the moving party bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991) (citation and internal quotations omitted). Valley View has

failed to present such evidence, and thus, the Court must deny its motion for partial summary judgment on the issue of negligence.[2]

Turning to Valley View's second claim, Valley View seeks to hold Colonial liable under La. R.S. § 30:2015.1 for the "evaluation and remediation of any contamination or pollution" on Valley View's property. (Doc. 67 at 15). La. R.S. § 30:2015.1(C)(1) provides:

> If, prior to judgment on the merits, a party admits responsibility or the court makes a determination that contamination of usable ground water exists which poses a threat to the public health, and that evaluation or remediation is required to protect usable ground water and determines the responsible party, the court shall either order the responsible party or a court-appointed expert to develop a plan for evaluation or remediation of the contamination. The court shall also consider any plan submitted by the plaintiff. The court shall order the Department of Environmental Quality to respond to any plan submitted within sixty days from the date of submission.

La. R.S. § 30:2015.1(C)(1). Colonial asserts that this statute is procedural in nature, and not substantive, and thus, the Court should decline to apply it.

This Court has applied this statute in a prior decision but the facts of that case were distinguishable. In *Jumonville v. Hercules, Inc.*, this Court explained that "[w]hile the state undoubtedly has an interest in preventing and remediating groundwater contamination, the plaintiffs have not shown that the state's interest would be impaired by exercising jurisdiction in this case." *Jumonville v. Hercules, Inc.*, 2010 WL 4386478, at *2 (M.D. La. 2010). Notably, in *Jumonville*, LDEQ had not yet intervened in the matter.

Here, LDEQ has already intervened and it is clear that LDEQ is actively working to remediate the contamination. Additionally, the application of the statute is triggered by either (1)

---

[2] Valley View raises the issue of *res ipsa loquitur* for the first time in its reply motion. As this Court has explained, "[r]eply briefs are not the proper place to raise new arguments." *Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 2012 WL 3575286, at *2 (M.D. La. 2012). Thus, the Court will not consider this argument.

a party admission of responsibility or (2) a court determination as to who is the responsible party. Colonial has not admitted responsibility and this Court has already concluded that there is insufficient evidence to find Colonial responsible. Thus, it is premature and unnecessary to apply this statute.

III.

Accordingly, Valley View's Motion for Partial Summary Judgment (Doc. 67) is DENIED.

Signed in Baton Rouge, Louisiana on July 18th, 2013.

_____

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**