UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VALLEY VIEW RENTALS, LLC

VERSUS

COLONIAL PIPELINE COMPANY

CIVIL ACTION

NO. 11-688-JJB-RLB

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the court on Plaintiff Valley View Rentals, LLC's ("Valley View") Motion (doc. 97) for Reconsideration. Defendant Colonial Pipeline Company ("Colonial") has filed a Memorandum (doc. 100) in Opposition, to which the Plaintiff has submitted a Reply Memorandum (doc. 103). Subsequently, Defendant Colonial filed an Amended Answer (doc. 105). There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1332. For the reasons stated herein, the Court **DENIES** the Plaintiff's Motion (doc. 97) for Reconsideration.

On July 18, 2013, this Court denied Plaintiff Valley View's Motion for Partial Summary Judgment. (Doc. 91). With respect to the Plaintiff's La. R.S. § 30:2015.1 claim, this Court found it "premature and unnecessary to apply this statute" because the Louisiana Department of Environmental Quality was actively working to remediate the contamination, the Defendant had not admitted to being a "responsible party" under R.S. § 30:2015.1, and there was a genuine issue of material fact regarding whether Colonial Pipeline was "responsible" under R.S. § 30:2015.1 for the leak. (Doc. 91, p. 5−6). Subsequently, Plaintiff Valley View filed the pending Motion (doc. 97) for Reconsideration, asking this Court to reconsider its prior ruling denying the partial summary judgment on the R.S. § 30:2015.1 claim.

Rule 54(b) of the Federal Rules of Civil Procedure provides that courts may reconsider interlocutory orders or decisions. A Court retains jurisdiction over all claims in a suit and may

alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "Rule 59(e) does not apply until such a final judgment has been entered." *Id.* "This reading is confirmed by the fact that Rule 54(a) defines 'judgment' as used in the rules to mean 'a decree and any order from which an appeal lies.'" *Id.* (quoting Fed. R. Civ. Pro. 54(a)). "Rule 54(b) refers to an 'order or other form of decision, however designated.'" *Id.* (quoting Fed. R. Civ. Pro. 54(b)). "Only upon explicit statement does such an order become a judgment under Rule 54(b)." *Id.* In the present matter, a final judgment has not been issued, so the Motion for Reconsideration is properly considered under Rule 54(b).

"District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, WL 2026670, at *2 (M.D. La. May 20, 2010)). "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).

This Court still finds that there is a genuine issue of material fact as it relates to whether Defendant is or has admitted to being a "responsible party," or has admitted "responsibility" under La. R.S. § 30:2015.1(C)(1). Nothing has changed between this Court's ruling on July 18, 2013 and the present that convinces this Court to reconsider and reverse its prior decision, and to grant a summary judgment for Plaintiff. The additional pre-printed forms that Defendant filled out and the expert reports, which the Plaintiff focuses on when arguing in its motion for

reconsideration that Defendant has admitted responsibility, are insufficient to overcome the genuine issue of material fact that this Court previously found, and which it still finds to this day. Accordingly, this Court still finds that there is a genuine issue of material fact regarding whether Defendant Colonial is or has admitted to being a "responsible party" or admitted "responsibility" under La. R.S. § 30:2015.1(C)(1), and therefore, reconsidering the prior ruling and granting the Plaintiff's motion for partial summary judgment would be improper.

## Conclusion

Therefore, Plaintiff Valley View Rentals, LLC's Motion (doc. 97) for Reconsideration is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 15, 2013.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**